UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT L MCFARLIN,
    Plaintiff,

vs.                                                  Case No.: 3:23cv24698/LAC/ZCB

C RICK, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. (Docs. 1, 5). Presently before the Court is Plaintiff's amended complaint. (Doc. 11). Because Plaintiff is an inmate who is proceeding *pro se* and *in forma pauperis*, the Court is statutorily required to screen Plaintiff's amended complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or an officer or employee thereof); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated

1

"early judicial screening of prisoner complaints"). Having reviewed the amended complaint, dismissal is warranted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because Plaintiff has failed to state a plausible claim for relief.[1]

## I.    Background

Plaintiff, an inmate in the Florida Department of Corrections (FDOC), has sued three Defendants in their individual capacities: (1) Assistant Warden Ricks; (2) Warden Leavins; and (3) FDOC Secretary Ricky Dixon. (Doc. 11 at 2-3). Plaintiff's amended complaint alleges he was moved from the main unit at Santa Rosa Correctional Institution to the close management unit. (*Id.* at 5). Plaintiff says the transfer decision violated Florida's rules and regulations, and Plaintiff claims he was not clear for transfer "nor was [he] an open population inmate." (*Id.* at 6).

---

[1] The Court previously provided Plaintiff an opportunity to amend after explaining to him deficiencies in his prior pleading. (Doc. 6). Nonetheless, Plaintiff's amended complaint still fails to state a claim upon which relief could be granted. *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").

2

Plaintiff further alleges that during his two months in close management ,he was denied "privileges," such as his job as a "houseman" and "visitation rights." (*Id.* at 6, 9-10). According to Plaintiff, while on close management he was allowed one, two-hour period of outdoor recreation and one canteen order bi-weekly. (*Id.*). Plaintiff alleges he filed grievances about the issue, but they were denied. (*Id.*). Plaintiff also says he was "single[d] out" and "denied . . . fair and equal treatment." (*Id.* at 8). Ultimately, Plaintiff alleges he was "discriminated against" based on his "confinement status." (*Id.* at 10).

In terms of legal claims, Plaintiff alleges Eighth Amendment, Fourteenth Amendment, and First Amendment violations. (*Id.* at 11-12). Plaintiff seeks monetary damages as relief. (*Id.* at 13).

## II.   Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## III. Discussion

**A. Plaintiff has failed to state a plausible claim under the Equal Protection Clause of the Fourteenth Amendment.**

The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state a claim under the Equal Protection Clause, a prisoner generally must allege "that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (cleaned up). A plaintiff must also allege that the defendant intentionally discriminated against him. *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *see also E & T Realty v. Strickland*, 830 F.2d 1107, 1113 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. *See GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1367-68 (11th Cir. 1998).

The Equal Protection Clause is also implicated in "class of one" claims. *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006). A "class of one" equal protection claim does not allege discrimination against a protected class; rather, it alleges that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007). The same "similarly situated" standard applies whether an equal protection claim is brought under a "class of one" theory or a traditional theory of unlawful discrimination. *Id.* at 1204-05. Indeed, the "similarly situated requirement must be rigorously applied in the context of class of one claims." *See Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009).

Here, Plaintiff has not sufficiently alleged a "class of one" claim because there is no non-conclusory allegation that a similarly situated inmate received more favorable treatment without a rational basis. Similarly, Plaintiff has not sufficiently alleged a traditional equal protection claim because there is no allegation that he was discriminated

6

against based on a constitutionally protected status, such as race or gender. Plaintiff merely alleges he was discriminated against based on his "confinement status."

Moreover, as to both types of equal protection claims, Plaintiff has not plausibly alleged that Defendants intentionally discriminated against him. (*See, e.g.,* Doc. 11 at 11, 12). All he has provided are conclusory statements. Plaintiff, therefore, has failed to sufficiently allege a plausible equal protection claim. *See, e.g., Young v. Bailey*, No: 8:21-cv-389, 2022 WL 797472, at *7 (M.D. Fla. March 16, 2022) (dismissing an inmate's equal protection claim based on his placement in confinement because the inmate alleged "no facts that others similarly situated to him were treated more favorably, that the difference in any such treatment was based on a constitutionally protected status, or that the defendants were motivated by a discriminatory intent or purpose"). Because Plaintiff's amended complaint fails to state a plausible equal protection claim under the Fourteenth Amendment, dismissal is warranted.

7

B.  **Plaintiff has failed to state a plausible due process claim under the Fourteenth Amendment.**

Similarly, Plaintiff has failed to plausibly allege that Defendants violated his due process rights under the Fourteenth Amendment.[2] The Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. A procedural due process claim requires: (1) deprivation of a constitutionally protected property or liberty interest; (2) state action; and (3) constitutionally inadequate process. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011). Generally, prisoners do not have a constitutionally protected liberty interest in a particular custody classification. *See Morales v. Chertoff*, 212 F. App'x

---

[2] To the extent Plaintiff brings a due process claim based on Defendants' alleged failure to follow FDOC policies and procedures, such a claim is not actionable under 42 U.S.C. § 1983. *See Crenshaw v. Lewis*, No. 8:14-cv-1941, 2016 WL 521531, at *3 (M.D. Fla. Feb. 4, 2016) ("[A] violation of standard procedures, in and of itself, is not a basis for relief in an action under § 1983."); *see also Malone v. Bailey*, No. 6:20-cv-65, 2020 WL 8172706, at *2 (S.D. Ga. Dec. 22, 2020) (stating that "an allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted") (cleaned up).

888, 890 (11th Cir. 2006); *see also Johnson v. Cert*, No. 3:15-CV-1487, 2017 WL 1365562, at *8 (M.D. Fla. Apr. 14, 2017) ("[T]he Due Process Clause does not create a liberty interest in being confined in general population rather than the more restrictive administrative segregation."); *see also Ross v. Sconyers*, No. 2:13-CV-764-WKW, 2016 WL 3763230, at *4 (M.D. Ala. June 16, 2016) ("The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

Thus, for an incarcerated plaintiff whose liberty interest is already compromised, a procedural due process violation requires either "a change in the prisoner's conditions of confinement [] so severe that it essentially exceeds the sentence imposed by the court," or "when the state has consistently bestowed a certain benefit to prisoners . . . and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999).

Here, Plaintiff's allegations fail to plausibly allege a procedural due process claim because he has not shown a constitutionally protected

9

liberty interest in his confinement status. *See Morales*, 212 F. App'x at 890; *see, e.g.*, *Johnson*, 2017 WL 1365562, at *8 (dismissing an inmate's due process claim because the inmate did not have a constitutionally protected liberty interest in avoiding close management confinement). Moreover, Plaintiff has not sufficiently alleged that his temporary housing classification change—in which he is unable to have privileges such as visitation and job program participation, for example— "present[ed] the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Kirby*, 195 F.3d at 1290-91; *see also Santiago v. Barber*, No. 5:17cv74, 2019 WL 4601539, at *4 (N.D. Fla. Aug. 22, 2019) (determining that an inmate failed to plausibly allege a due process claim when he complained of a temporary confinement change that resulted in restricted "exercise, telephone privileges, visits, and the number of library books" etc.). Nor does it appear that Plaintiff's time in confinement "essentially exceeds the sentence imposed by the court." *See Kirby*, 195 F.3d at 1290-91. A search for Plaintiff in the FDOC's online database reveals his current release date is in December

of 2143.³ Because Plaintiff's amended complaint fails to state a plausible due process claim under the Fourteenth Amendment, dismissal is warranted.

### C. Plaintiff has failed to plausibly allege an Eighth Amendment violation.

Next, Plaintiff claims that his temporary housing classification violates the Eighth Amendment's prohibition against cruel and unusual punishment. His allegations are insufficient to state such a claim.

The Eighth Amendment "guarantees that prisoners will not be 'deprive[d] . . . of the minimal civilized measure of life's necessities.'" *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). But the Constitution does not require comfortable prisons, and restrictive or even harsh conditions are part of the penalty that criminal offenders face. *Id.* Underlying an Eighth Amendment conditions-of-confinement claim is the duty of prison officials to "ensure that inmates receive adequate food, clothing, shelter,

---

³https://fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=C06996&TypeSearch=AI

and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

A conditions-of-confinement claim under the Eighth Amendment requires that (1) the condition is sufficiently serious and "extreme," and (2) "the defendant prison officials 'acted with a sufficiently culpable state of mind' with regard to the condition at issue." *Chandler*, 379 F.3d at 1289. With respect to the defendant's state of mind, the prisoner must show that the prison official "subjectively knew of the substantial risk of serious harm and that he knowingly or recklessly disregard[ed] that risk by failing to take reasonable measures to abate it." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1583 (11th Cir. 1995) (cleaned up).

Here, Plaintiff does not plausibly allege that he is going without adequate food, shelter, or medical care. Nor does he allege that he is unsafe. Rather, Plaintiff complains of a temporary loss of privileges—i.e., visitation, canteen, and job program participation. These are simply not the type of objectively serious and extreme conditions that give rise to an Eighth Amendment claim. *See Turner v. Warden, Ga. Diagnostic*

*and Classification Prison*, 650 F. App'x 695, 701 (11th Cir. 2016) (affirming dismissal of an Eighth Amendment claim that was based on restrictions imposed on inmate in administrative confinement); *see also Ortiz v. Sec'y for Dep't of Corr.*, 156 F. App'x 132, 134 (11th Cir. 2005) (finding no Eighth Amendment violation based on prison's denial of visitation privileges to an inmate); *Chatman v. Roy*, No. 2:17cv01952, 2019 WL 4621676, at *5 (N.D. Ala. Aug. 28, 2019) (rejecting Eighth Amendment claim where prison denied inmate telephone privileges). Because Plaintiff's amended complaint fails to state a plausible Eighth Amendment cruel and unusual punishment claim, dismissal is warranted.

### D. Plaintiff fails to plausibly allege a supervisory liability claim.

Plaintiff has named supervisory officials as Defendants in his amended complaint. He has failed, however, to plausibly allege a supervisory liability claim.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See*

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). "Because vicarious liability is inapplicable to [ ] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Under *Iqbal*, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677. "Supervisors are liable under section 1983 either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." *Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) (cleaned up).

Without more, denial of grievances is insufficient to allege personal participation for § 1983 liability. *See, e.g., Hoever v. Belleis*, 703 F. App'x 908, 912 (11th Cir. 2017) (dismissing prisoner's claim against supervisors on the ground that prisoner's allegation that supervisors denied grievances "was insufficient to establish that the supervisors instigated

14

or encouraged unlawful conduct."); *Brown v. Comerford*, No. 3:13cv572/LAC/CJK, 2014 WL 3586257, at *5 (N.D. Fla. July 21, 2014) ("[M]erely denying a grievance, without personally participating in the unconstitutional conduct . . . is insufficient to establish § 1983 liability."); *Swift v. Tifft*, No. 3:12cv171/RV/CJK, 2013 WL 5913796, at *9 (N.D. Fla. Oct. 31, 2013) (same).

Causation may be established and supervisory liability imposed "where the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." *Ingram*, 30 F.4th at 1254. "[T]o prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 957 (11th Cir. 2019). And allegations of a single incident of unconstitutional conduct cannot state a claim for supervisory liability, even when the conduct involves several subordinates. *Id.* at 957-58.

Causation can also be established by pleading facts "which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed

to stop them from doing so." *Keating v. City of Miami*, 598 F.3d 753 762 (11th Cir. 2010). The factual allegations must plausibly show that the supervisory official acted with the same mental state required to establish a constitutional violation against his subordinate. *See Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013).

Here, Plaintiff is improperly seeking to hold Defendants liable based on a theory of *respondeat superior*. For example, Plaintiff states:

- "[Defendant] C. Ricks aloud (sic) his employee Lt. Maddox to disregard the rule and regulation[s] . . . of chapter 33." (Doc. 11 at 6).
- "[Defendant] C. Ricks aloud (sic) his employees to bend, break, and twist rule and regulation that are outlined in Chapter 33 series." (*Id.* at 7).
- "[Defendant] Warden D.A. Leavins is head supervisor of all operation." (*Id.* at 8).
- "It's the [Defendant] Warden['s] obligation and duty to make sure that any person under his supervision of care, custody, and control are being treated fair and equally." (*Id.*).

16

- "[Defendant] Ricky Dixon enable the action[s] of Warden D.A. Leavins and C. Ricks Warden of Program." (*Id.* at 10).

Moreover, Plaintiff has neither alleged sufficient personal participation nor causation to plausibly allege a supervisory liability claim. *See Ingram*, 30 F.4th at 1254. Rather, Plaintiff has alleged that the supervisory Defendants either denied or failed to respond to his grievances. Such allegations are insufficient to allege personal participation by a supervisor. *See Hoever*, 703 F. App'x at 912. Nor does Plaintiff plead facts that show Defendants have a policy of not following procedures. Plaintiff simply states in conclusory fashion that certain regulations from Chapter 33 of the Florida Administrative Code were not followed in his particular case. But that is insufficient to state a claim. *See Young v. Graham*, No. CV 304-066, 2005 WL 2237634, at *5 (S.D. Ga. Aug. 11, 2005) (holding the plaintiff failed to state a supervisory liability claim when the inmate "presented no evidence, except his bare allegations, that [the defendants] had a custom or policy" of treating inmates illegally); *see also Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (holding the inmate's "vague and conclusory statements" of a

17

policy or custom, devoid of facts, were "insufficient to support supervisory liability"). Because Plaintiff's amended complaint fails to state a supervisory liability claim against Defendants, dismissal is warranted.

### E. Plaintiff fails to state a plausible First Amendment claim.

Plaintiff has also alleged in conclusory fashion that his First Amendment rights were violated because he was not permitted to have a visit from his aunt. (Doc. 11 at 12). Although Plaintiff has not specified what clause of the First Amendment he believes Defendants violated, the Court presumes Petitioner is attempting to bring a First Amendment retaliation claim. Such a claim requires an inmate to show three elements: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). In this case, Plaintiff's amended complaint is woefully inadequate to allege conduct by Defendants that

18

satisfied these elements. Plaintiff has not alleged a sufficient connection between any constitutionally protected speech and actions taken by Defendants. Thus, the amended complaint fails to state a First Amendment claim and should be dismissed.

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's amended complaint (Doc. 11) be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 14th day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal

the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.